IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

CANATXX ENERGY VENTURES INC.
CANATXX ENERGY VENTURE LTD.
ROSS HILL and PAUL GRIMES        Civil Action No. _____

vs.

GENERAL ELECTRIC COMPANY
and GE CORPORATE

## PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Canatxx Energy Ventures, Ltd., Canatxx Energy Ventures, Inc. (individually and as successor to Canatxx Energy Ventures, LLC), Paul Grimes and Ross Hill, file this Plaintiffs' Original Complaint for Declaratory Judgment against Defendants, General Electric Company and GE Corporate, and for cause of action respectfully show as follows:

### Parties, Jurisdiction and Venue

1.  Plaintiff, Canatxx Energy Ventures, Inc., is a Texas corporation, and the successor to Canatxx Energy Ventures, LLC, having its principal place of business in Texas at 777 N. Eldridge Parkway, Suite 200, Houston, Texas 77079.

2.  Plaintiff, Canatxx Energy Ventures, Ltd. is a limited liability company organized under the laws of and having its principal place of business in the United Kingdom at Unit 6 St. Georges Court, St. Georges Park, Kirkham, Lancashire, England PR4 2EF.

3.  Plaintiff, Ross Hill, is a resident of Harris County, Texas.

4.  Plaintiff, Paul Grimes, is a resident of Fort Bend County, Texas.

5.   Defendant, General Electric Company, is a New York corporation having its principal place of business in Connecticut. Defendant, General Electric Company, may be served with process by serving its agent for service of process in New York, the New York Secretary of State, One Commerce Plaza 6th Floor, 99 Washington Ave., Albany, NY 12231-0001.

6.   Upon information and belief, the name "GE Corporate" is used in this Complaint to identify one or more unknown business entities which made demands for arbitration against one or more of the Plaintiffs in Texas and/or which claim(s) to have incurred attorney fees or expenses in connection with prior litigation involving one or more of the Plaintiffs. The name "GE Corporate" is not used in this Complaint to mean or refer to the entities known as General Electric Company, GE Capital Corporation or GE Power Systems, Inc. The true or legal name(s) of the entity(ies) herein identified as GE Corporate are not known to Plaintiffs at this time.

7.   This is an action for declaratory judgment under 28 U.S.C. § 2201, et seq., the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 37.001, et seq., and/or N.Y. C.P.L.R. § 3001. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and/or 9 U.S.C. § 203. Additionally or alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different and/or foreign states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.   This Court has personal jurisdiction over the Defendants because, upon information and belief, the Defendants were organized in, have a principal place of

2

business in and/or have engaged in business in and have substantial contacts with the State of New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants engaged in business sufficient to establish contacts subjecting Defendants to personal jurisdiction in New York and/or within this District.

**Facts**

10. A written agreement, dated effective as of April 30, 1998, was executed by Canatxx Energy Ventures, LLC, and by Plaintiffs, Canatxx Energy Ventures, Inc., and Canatxx Energy Ventures, Ltd., with GE Power Systems, Inc., a U.S. company headquartered in Schenectady, New York, and Fleetwood Power Limited, a company organized under the laws of England, United Kingdom. GE Corporate and/or General Electric Company were not parties to said agreement. The same agreement is hereinafter referred to as the "Termination Agreement."

11. The Termination Agreement involved commercial projects for power generation in, and property located in, the United Kingdom. The parties to the Termination Agreement included corporations or other business entities organized under the laws of, or having principal offices in, Delaware, New York, Texas and England.

12. Plaintiff, Canatxx Energy Ventures, Inc., is the successor to Canatxx Energy Ventures, LLC.

13. Defendant, General Electric Company, is not a party to the Termination Agreement.

14. Defendant, GE Corporate, is not a party to the Termination Agreement.

15.     The Termination Agreement expressly provides that "[n]othing in [the] Agreement shall be deemed to give rise to third party beneficiary rights."

16.     On or about October 27, 2009, Defendant, GE Corporate, filed a Demand for Arbitration ("Demand") with the American Arbitration Association ("AAA"). In that Demand, and/or in subsequent, related filings with the AAA, GE Corporate asserted a position that Plaintiffs owed payment to GE Corporate under the Termination Agreement, on a claim described in the Demand as a claim for "attorney fees incurred in prior litigation with" one or more of the Plaintiffs herein.

17.     Defendant, GE Corporate, joined with two other companies, GE Capital, Corp. ("GE Capital"), and GE Power Systems, Inc. ("GE Power"), when demanding arbitration on or about October 27, 2009. GE Capital had previously asserted a claim against Plaintiffs in a matter filed in Texas state court, styled *G.E. Capital Corporation v. Canatxx Energy Ventures, Inc.*, et al; Cause No.2009-34523; In the 164th Judicial District Court of Harris County, Texas (hereinafter the "Texas case"). Plaintiffs, in turn, asserted a third-party claim for indemnity against GE Power in the Texas case. Defendant, GE Corporate, however, was not joined with GE Capital as a Plaintiff in the Texas case, and has not been joined as party to that case. The Texas case has now been removed to federal court and is now pending in the United States District Court for the Southern District of Texas, Houston Division, under Civil Action No. 4:09-cv-03741.

18.     Beginning on or about November 11, 2009, Defendant, General Electric Company, has asserted that Plaintiffs owe payment to General Electric Company under the Termination Agreement, on a claim that is the same as or similar to the claim described in the Demand previously submitted by GE Corporate. Defendant, General

4

Electric Company, like Defendant, GE Corporate, was not joined with GE Capital as a Plaintiff in the Texas case, and has not been joined as party to that case.

19. Defendants, GE Corporate and/or General Electric Company, have also asserted that Plaintiffs are required by the Termination Agreement to submit to arbitration with GE Corporate and/or General Electric Company with respect to the claim asserted by the Defendant(s) for payment allegedly owed by Plaintiffs under the Termination Agreement, which is a contract governed by New York law and contains provisions for arbitration in New York, New York.

20. Additionally or alternatively, Defendants, GE Corporate and/or General Electric Company, have asserted that Plaintiffs are required to arbitrate the claim asserted by the Defendant(s), for payment allegedly owed by Plaintiffs under the Termination Agreement, by an alleged agreement alleged to have been made, after execution of the Termination Agreement, between Plaintiffs and parties other than GE Corporate or General Electric Company.

21. Plaintiffs contend they have no liability to Defendant(s) and owe nothing to Defendant(s) under the Termination Agreement. Plaintiffs further contend they are not obligated by the Termination Agreement and/or any other agreement to arbitrate the claim asserted by the Defendant(s) for payment allegedly owed under the Termination Agreement. One or more of the Defendants, however, have persisted with the claim, as well as attempts to require Plaintiffs to submit to arbitration in the proceeding initiated by the Demand. Accordingly, an actual controversy has arisen between Plaintiffs and GE Corporate, and/or between Plaintiffs and General Electric Company, with respect to the disputed contentions of the Defendant(s) that Plaintiffs are subject to liability to the

Defendant(s) under the Termination Agreement and/or are subject to a contractual obligation to arbitrate the claim asserted against Plaintiffs by GE Corporate and/or General Electric Company.

### Count 1 – Declaratory Relief

22. Plaintiffs incorporate by reference the allegations of paragraph 1-21 above.

23. In view of the existing and ongoing dispute between Plaintiffs and GE Corporate, and/or between Plaintiffs and General Electric Company, Plaintiffs request pursuant to 28 U.S.C. § 2201, et seq., the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 37.001, et seq., and/or N.Y. C.P.L.R. § 3001, that the court declare (1) that Plaintiffs have no obligation to the Defendant(s) under the Termination Agreement; (2) that Plaintiffs do not owe any payment to the Defendant(s) under the Termination Agreement; (3) that Plaintiffs are not obligated by the Termination Agreement to arbitrate any dispute with the Defendant(s); and/or (4) that Plaintiffs are not obligated to submit to arbitration with the Defendant(s) with respect to any claim or demand for payment against Plaintiffs under any provision of the Termination Agreement.

24. An award of reasonable and necessary attorney's fees to Plaintiffs would be equitable and just in view of the failure and refusal of the Defendant(s) to abide by the terms of the Termination Agreement when pursuing a claim that the Termination Agreement subjects Plaintiffs to contractual obligations to the Defendant(s). Plaintiffs, therefore, further request that the court award reasonable and necessary attorney's fees to Plaintiffs.

## Conditions Precedent

25. All conditions precedent have been satisfied or have occurred.

WHEREFORE, Plaintiffs pray that the Defendants, General Electric Company and GE Corporate, be cited to appear and answer; that Plaintiffs be awarded judgment declaring (1) that Plaintiffs have no obligation to the Defendant(s) under the Termination Agreement; (2) that Plaintiffs do not owe any payment to the Defendant(s) under the Termination Agreement; (3) that Plaintiffs are not obligated by the Termination Agreement to arbitrate any dispute with the Defendant(s); and/or (4) that Plaintiffs are not obligated to submit to arbitration with the Defendant(s) with respect to any claim or demand for payment against Plaintiffs under any provision of the Termination Agreement; and that Plaintiffs be awarded reasonable and necessary attorney's fees and costs of suit, together with such other and further relief as to which they may be justly entitled.

Dated: Buffalo, New York
November 20, 2009   Respectfully submitted,

ZDARSKY, SAWICKI & AGOSTINELLI LLP

By: s/ Joseph E. Zdarsky, Esq.
Joseph E. Zdarsky
*Attorneys for Plaintiffs*
404 Cathedral Place
298 Main Street
Buffalo, New York 14202
Telephone: (716) 855-3200